IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES AMARINGO SHAPIANA,

    Petitioner,

       v.                               Civil Action No. 3:26cv646

NEY HIDALGO, *et al.*,

    Respondents.

**MEMORANDUM OPINION**

James Amaringo Shapiana, a federal immigration detainee currently being held in the Caroline Detention Center ("Farmville"), proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition (" the § 2241 Petition," ECF No. 1).[1]  Petitioner challenges his detention by Immigration and Customs Enforcement ("ICE").  Respondents have filed an Opposition.  (ECF No. 6.)  Petitioner has not filed a response.  For the reasons set forth below, the § 2241 Petition will be dismissed as moot.

---

[1] The statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(1)–(3).

## I. Factual and Procedural History

### A. Factual Background

"Petitioner is a 49-year-old native and citizen of Peru." (ECF No. 6-1 ¶ 5.)[2] Petitioner

states: "I have been in this country for 3 years and I have family here (wife [and] son). I have

community ties like the Adventist church and I worked in demolition. I am not a flight risk or a

danger to the community. I have paid taxes here." (ECF No. 1, at 7.)

6.    On December 18, 2022, Petitioner entered the United States at Calexico, California.

7.    On September 18, 2025, Montgomery County Police issued Petitioner a citation for driving without a license. Montgomery County District Court issued him a court summons to appear for the citation.

8.    On December 23, 2025, Petitioner failed to appear before the Montgomery County District Court. Montgomery County District Court issued a Bench Warrant for Petitioner's arrest.

9.    On March 7, 2026, Maryland State Police arrested Petitioner for a Failure to Appear Bench Warrant. ICE issued an Immigration Detainer.

10.    On March 17, 2026, ICE issued Petitioner a Notice to Appear charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

11.    On May 22, 2026, ERO arrested Petitioner and took him into civil immigration custody.

(ECF No. 6-1 ¶¶ 6–11.)

### B. Procedural Background

On July 9, 2026, the Court received Petitioner's § 2241 Petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In his § 2241 Petition, Petitioner states that

he was taken into immigration custody on March 22, 2026,[3] and that removal proceedings are

pending. (ECF No. 1, at 5.) Petitioner asks the Court "to order [his] direct release from ICE

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system.

[3] This date does not match the date provided in ECF No. 6-1 ¶ 11.

custody, pending a fair bond hearing, or, in the alterative, to order a fair bond hearing." (ECF No. 1, at 8.)

On July 16, 2026, the Court ordered Respondents to either file a Notice indicating that the factual and legal issues presented in the § 2241 Petition do not differ in any material fashion from those presented in *Duarte Escobar v. Perry, et al.*, 3:25-cv-758 (E.D. Va.), or an Opposition to the § 2241 Petition discussing the material differences between *Duarte Escobar* and the § 2241 Petition. (ECF No. 5, at 1.) On July 23, 2026, Respondents filed their Opposition arguing that material differences exist from *Duarte Escobar*. (ECF No. 6.) They assert that Petitioner "asked to be removed from the United States," an Immigration Judge issued an order of removal on July 15, 2026, and both parties waived appeal. (ECF No. 6, at 1 (citing [ECF No. 6-1] ¶ 12).) Respondents argue that Petitioner is now subject to a final order of removal and the § 2241 Petition should be dismissed. (ECF No. 6, at 1–2.) Petitioner did not file a response.

Based on Respondents' arguments, it is appropriate to review the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(1).

## II.  Standard of Review

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the

petition fails to state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### III. Analysis

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues

4

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

*Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted).  Further, "[i]f intervening

factual or legal events effectively dispel the case or controversy during pendency of the suit, [a]

federal court[ is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–

94 (4th Cir. 1983).

Here, the basis for Petitioner's detention changed during the pendency of his § 2241

Petition.  On July 15, 2026, the Immigration Judge issued an order of removal and both parties

waived appeal.  (ECF No. 6-1 ¶ 12.)  Thus, the Immigration Judge's decision is final.  Petitioner

is now subject to a Final Order of Removal and is now detained pursuant to 8 U.S.C. § 1231.

"Under § 1231, upon the issuance of a final order of removal to an alien, the alien shall be removed

'within a period of 90 days.'  The alien '*shall*' be detained during the removal period." *Banoub v.*

*Crawford*, 819 F. Supp. 3d 477, 486 (E.D. Va. 2025) (footnote omitted) (quoting 8 U.S.C.

§ 1231(a)(1)(A)).

For the foreseeable future, Petitioner's detention is mandatory.  *See id.*  This change in

the statutory provision that governs Petitioner's detention renders his § 2241 Petition moot.  *See*

*Doe v. Perry*, No. 1:21-cv-01364-MSN-IDD, 2022 WL 1837923, at *2 (E.D. Va. Jan. 31, 2022)

("Petitioner concedes that his request for a bond hearing became moot after the issuance of an

administratively final removal order.").

### V.  Conclusion

Accordingly, Petitioner's § 2241 Petition will be DISMISSED AS MOOT.

An appropriate order shall accompany this Memorandum Opinion.

Date: 8/11/26
Richmond, Virginia

_____ /s/
M. Hannah Lauck
Chief United States District Judge

5